Opinion by
Hurt, J.
§ 463. Continuance; application for, upon the ground of surprise, held insufficient; case stated. Appellee brought this suit against appellant to recover §500 penalty for overcharge on freight. He alleged the facts which showed the overcharge, and that constituted his cause of action under the statute. He recovered judgment for said penalty and costs. After the trial had commenced, plaintiff, in adducing his testimony, offered *407 to prove by parol evidence the contents of the notice of the alleged overcharge, and the indorsement made thereon by defendant’s agent when he returned the same to plaintiff. Defendant objected to this evidence because the same was secondary, and thereupon plaintiff proved the loss of the notice, when defendant moved to continue the cause upon the ground of surprise, and to obtain the testimony of the agent whom plaintiff alleged he had served with said notice, etc. This motion was overruled, and plaintiff was permitted to prove said notice and indorsement thereon by parol. Held: Appellant had no right to rely upon appellee producing in evidence on the trial the notice and indorsement. It should have been prepared with its testimony in relation to said notice and indorsement, and having exercised no diligence to have this witness at the trial, the mere disappointment and surprise at the non-production of the notice and indorsement by appellee were not sufficient grounds to entitle it to a continuance. Besides, it was not shown what facts wei’e expected to be proved by the absent witness. The testimony of said witness may have been precisely the same, in relation to the notice and indorsement, as that which was adduced on the trial by appellee. There was no effort on the part of appellant to inform the court in regard to the real facts relating to the notice; nor does it deny that it had full knowledge of the matter. There was no error in refusing the continuance. [Blake v. How, 1 Ark. 306; Cockrille v. Calhoun, 1 Nutt & McCord, 285; Jackson v. Roe, 9 Johns. R. 77; Cooke v. Berry, 1 Wells, 98.]
§ 464. Notice; proof of; proof of mailing of, sufficient. u If a letter is sent by the post, it is presumed, from the known course in that department of the public service, that it reached its destination at the regular time, and was received by the person to whom it was addressed, if living at the place and usually receiving letters there.” [1 G-reenl. Ev. § 40.] This rule is applicable even in an action to recover a penalty, where the right of action is *408 dependent upon giving notice of a fact. In this case, besides proof that the notice was mailed to the proper agent of appellant at the proper place, it was further proved that said agent had returned said notice through the mail, to appellee, indorsed, “ What evidence have you of this overcharge? ” and signed by said agent.
November 19, 1884.
§ 465. Overcharge on freight; where freight is transported over two lines of road under the same management; rule in such case. Under a through bill of lading executed by appellant, appellee shipped seven hundred pounds of freight from Mineóla to Sherman, a distance of one hundred and two miles. Appellant charged and received $4.90 for carrying said freight said distance, being at the rate of seventy cents per one hundred pounds, when the law allows but fifty cents per one hundred pounds. The freight was shipped by way of Belles, a station on the Texas Pacific Railway. It is insisted by appellant that it transported the freight only from Mineóla to Belles, a distance of eighty-nine miles, and for this distance was entitled to demand $3.15; and that the Texas Pacific Railway, which transported the freight from Belles to Sherman, a distance of less than fifty miles, was entitled under the law [R. S. art. 4257] to demand thirty cents per one hundred pounds, making $2.10, thus making the legal charge for the entire distance $5.25. This calculation is based upon the theory' that appellant and the Texas . Pacific Railway Company are separate and distinct from each other. The proof shows that appellant gave appellee a through bill of lading for the freight from Mineóla to Sherman; that the Texas & Pacific road is under the management and control of appellant; and that appellant demanded and received the freight charged. Held, that the two lines of road being in fact but one, was only entitled to charge freight as upon one line, and the charge made in this case was therefore an overcharge, and a violation of the law, for which appellant is liable.
Affirmed.